NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JOSEPH FIELDS and WAYNE FIELDS, | ) ) ) | Supreme Court No. S-13851 |
| Appellants, | ) ) | Superior Court No. 4FA-91-00041 PR |
| v. | ) ) ) | MEMORANDUM OPINION AND JUDGMENT* |
| CHARLES FIELDS, Personal Representative of the Estate of WAYNE C. FIELDS, | ) ) ) ) | No. 1423 – June 27, 2012 |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances:  Robert A. Sparks, Law Office of Robert A. Sparks, Fairbanks, for Appellants.  Cory R. Borgeson, Borgeson & Kramer, PC, Fairbanks, for Appellee.

Before:  Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices.  [Christen, Justice, not participating.]

1.     This is the second time this case has come before us.  Four siblings — Elizabeth, Joseph, Wayne Jr., and Charles — engaged in probate litigation following

---

\*      Entered under Appellate Rule 214.

the death of their father, Wayne Colyer Fields.[1] Fields had previously conveyed property located in Washington to them, but his will left the property to a trust.[2] At trial the Fields siblings disputed, among other things, the status of the Washington property.[3] Elizabeth and Charles were represented by attorneys, while Joseph and Wayne Jr. were not.[4] In December 2004 a standing master found that Fields had left the property to his children to hold in trust.[5] A copy of the master's report and recommendation to the superior court was distributed to the attorneys representing Elizabeth and Charles, but not to Joseph or Wayne Jr.[6] In June 2005 the superior court adopted the standing master's findings and recommendations and ordered all four siblings to convey their interests in the property to a trust.[7]

2.    Joseph and Wayne Jr. appealed, arguing they were denied due process because they received inadequate notice of the litigation and, as pro se litigants, did not understand that they were parties to the proceeding and would be bound by the result.[8] In *Fields I* we held that the brothers had received adequate pre-trial notice of the issues raised and relief sought, and had been given an opportunity to participate in the

---

[1]    *In re Estate of Fields*, 219 P.3d 995, 999 (Alaska 2009) (*Fields I*).

[2]    *Id*.

[3]    *Id*. at 1000-01.

[4]    *Id*.

[5]    *Id*. at 1001.

[6]    *Id*. at 1001-02.

[7]    *Id*. at 1002.

[8]    *Id*. at 1008-10.

proceedings.[9]  However, it was unclear from the record whether Joseph and Wayne Jr. had received adequate post-trial notice of the standing master's report and recommendations, or an opportunity to object before the superior court entered its final ruling on the status of the Washington property.[10]

3.    We therefore remanded for further proceedings on the "narrow issue" of whether Joseph and Wayne Jr. received adequate notice of and an opportunity to object to the standing master's report, instructing the superior court:

> On remand the superior court should determine: (1) when Joseph and Wayne Jr. had actual knowledge of the master's findings, conclusions, and recommendations and the time limit for objections; and (2) whether, before Judge Wood's final order, Joseph and Wayne Jr. had an adequate opportunity to file objections, request oral argument, request an opportunity to submit additional briefing, move for the taking of additional evidence, or seek a trial de novo.  If Joseph and Wayne Jr. did not have that opportunity before Judge Wood entered his final order, then their right to due process requires that they be afforded that opportunity on remand.  *If on the other hand: (1) Joseph and Wayne Jr. actually knew about the master's findings, conclusions, and recommendations and the need for timely objections well before Judge Wood issued his final ruling; and (2) simply failed to take action on their own behalf, no further action by the superior court may be necessary.*[11]

4.    On remand, Superior Court Judge Michael P. McConahy held an evidentiary hearing to determine when Joseph and Wayne Jr. received actual notice of the standing master's report.  The court found that Joseph and Wayne Jr. had actual

---

[9]    *Id*. at 1010.

[10]    *Id*. at 1010-11.

[11]    *Id*. (emphasis added) (internal citations omitted).

knowledge of the report on March 4, 2005, when they received an e-mail from Elizabeth explaining that the standing master had recommended the Washington property be placed in trust.[12] The court also found they had actual knowledge of the time for filing objections on March 7 and March 9, respectively, when each received a copy of the standing master's report from Elizabeth.[13]

The superior court also found that Joseph and Wayne Jr. had an adequate opportunity to file objections or seek other forms of relief before entry of the final order in June 2005, but they failed to take any action. The court specifically rejected the argument that Joseph and Wayne Jr. did not understand that their interests in the Washington property were at stake in this probate proceeding, observing we had already addressed and rejected that argument in determining whether Joseph and Wayne Jr. received adequate pre-trial due process.[14] The superior court also rejected the argument

---

[12] Elizabeth's e-mail informed Joseph and Wayne Jr. that the standing master's report was "intended to inform the decision by a Superior Court judge," quoted the standing master's recommendation that the superior court "order that the [Washington property] be deeded by the family into the estate of the decedent," and stated that she would mail each of them a copy of the entire report that day.

[13] The standing master's report stated: "Pursuant to Alaska Civil Rule 53, you are hereby notified that you have 10 days after being served with this notice to serve and file written objections to these findings and recommendations."

[14] In holding that Joseph and Wayne Jr. were not denied pre-trial due process, we rejected their argument that they did not believe they were parties to the case, agreeing that they "*knew* that they were parties to the case and *participated* in the litigation through Elizabeth and her attorney," and holding:

> There is no dispute that Joseph and Wayne Jr. participated in
> extensive e-mail communications with Elizabeth about the
> case, and they concede they were aware of both the nature of
> the litigation and that Charles sought orders affecting the

(continued...)

that Joseph and Wayne Jr. failed to act after receiving notice of the standing master's report because they thought the time for objections had passed. The court found this assertion was not credible in light of their active involvement in the proceedings before, during, and after trial; and Joseph's statement in his response to Elizabeth's March 4 e-mail that "we must make plans now".[15] Rather, the superior court found that Joseph and Wayne Jr. "waited for the outcome, and when not satisfied, then they filed the various motions [seeking relief from the judgment]."

5. Joseph and Wayne Jr. appeal again. They do not challenge the superior court's findings regarding when they received notice of the standing master's report; they challenge only the superior court's findings rejecting their asserted reasons for failing to act upon receiving notice and the court's ruling that they had a reasonable opportunity to object before entry of the final order on the trust issue. Joseph and Wayne Jr. essentially argue that, as pro se litigants, they were legitimately confused about whether they were parties to this probate proceeding and had no way of knowing that they could request additional time for filing objections, and that under these circumstances the informal notice they received from their sister was insufficient to satisfy due process requirements.

6. We review the superior court's findings of fact for clear error, and will reverse those findings only if we are left with a "definite and firm conviction" based

---

[14](...continued)
> Washington property. Joseph and Wayne Jr. had adequate notice and an opportunity to be heard, and their claim of inadequate pre-trial notice giving rise to a due process violation is without merit.

*Fields I*, 219 P.3d at 1010 (emphasis in original) (internal quotation marks omitted).

[15] Joseph's e-mail stated: "We WOULD have made plans earlier had we known, but things are as they are and we must make plans now." (Emphasis in original.)

on a review of the entire record that a mistake has been made.[16]  Whether the superior court's findings support its conclusion that Joseph and Wayne Jr. received an adequate opportunity to object to the standing master's report after receiving notice is a question of law, which we review de novo.[17]

7.  The superior court's findings are supported by sufficient evidence in the record — namely, the e-mail correspondence between Joseph, Wayne Jr., and Elizabeth.  And we defer to the court's determination that Joseph and Wayne Jr.'s asserted reasons for failing to act upon receiving notice were not credible.[18]  These findings were not clearly erroneous.

8.  The superior court's findings show that Joseph and Wayne Jr. knew they needed to take some action upon receiving the standing master's report in March 2005, but failed to take action until after the superior court issued its final order in June 2005.  Under these circumstances, we agree that there was no post-trial due process violation.  Accordingly, we AFFIRM the superior court's ruling in all respects.

---

[16]  *Labrenz v. Burnett*, 218 P.3d 993, 997 (Alaska 2009) (quoting *Martens v. Metzgar*, 591 P.2d 541, 544 (Alaska 1979)) (internal quotation marks omitted).

[17]  *Id.*; *see also Olson v. State*, 260 P.3d 1056, 1059 (Alaska 2011).

[18]  *Knutson v. Knutson*, 973 P.2d 596, 599-600 (Alaska 1999) ("It is the function of the trial court, not of this court, to judge witnesses' credibility and to weigh conflicting evidence.").